Opinion by
 

 Jacobs, J.,
 

 Appealing from his conviction for possession of narcotic drugs, defendant raises two issues: the trial
 
 *298
 
 court’s refusal to grant defendant a requested continuance, and the applicability of The Controlled Substance, Drug, Device and Cosmetic Act of 1972, 35 P.S. §§780-101 to -143 (Pa. Leg. Serv. 165 (1972)) (hereinafter the “Controlled Substance Act”). Both issues require an examination of the facts surrounding defendant’s conviction.
 

 He was arrested on November 7, 1970, when police officers saw him attempting to discard a packet of heroin. Following a preliminary hearing and indictment, arraignment was listed for December 28, 1970, but was continued until January 12, 1971, then to April 22, and finally to May 5, 1971. On the latter date defendant’s case was scheduled to be tried on June 3, 1971. However, when the case was called, defendant, who had been represented by a voluntary defender since November 1970, requested more time to secure private counsel and accordingly proceedings were continued again until July 8, 1971. On that date defendant moved for another continuance, stating that his family needed more time to finish paying the fee of a privately retained attorney. The motion was denied and the denial forms the basis for one of defendant’s allegations of error.
 

 Defendant, represented by a voluntary defender, was then tried and convicted of narcotics-possession on July 8, 1971. His sentence under The Drug, Device and Cosmetic Act of 1961, 35 P.S. §§780-1 to -31, was 6 months to 5 years. An appeal to this Court was filed on August 9, 1971, but we remanded for the filing of post-trial motions which were argued and denied, following which defendant was resentenced to the same term of imprisonment. The present appeal was then filed on December 27, 1971.
 

 During the pendency of the appeal the Controlled Substance Act, supra, prescribing lesser penalties for
 
 *299
 
 narcotics-possession, was enacted, with an effective date of June 14, 1972. In Ms second allegation of error defendant claims the benefit of the new act’s sentencing provisions.
 

 Turning first to the trial court’s refusal to grant the additional continuance, we find that there was no error. Due to the granting of the prior continuances outlined above, defendant had from November 7, 1970 (the date of Ms arrest), until July 8, 1971 (the date of trial), to secure private counsel. Even after defendant was first called to trial on June 3, he was given, at Ms request, a period of more than a month to obtain an attorney of his choice. At the end of this period defendant did not indicate how much additional time would be needed to raise a fee for a private counsel, nor was there any showing that the fee would, in fact, ever be raised. Under these circumstances, and in view of the absence of complex issues in the case against him, we believe that defendant was afforded sufficient time to secure a private attorney in lieu of the public defender, and the refusal of the trial court to grant a further continuance did not deprive defendant of his constitutional rights of due process and assistance of counsel. A continuance is a matter within the sound discretion of the trial court.
 
 Commonwealth v. Richard
 
 son, 392 Pa. 528,140 A.2d 828 (1958), and no abuse of that discretion has been shown in the present case.
 

 In the strikingly similar case of
 
 United States ex rel. Carey v.
 
 Rundle, 409 F.2d 1210 (3d Cir. 1969), the court, in balancing the desirability of permitting a defendant additional time to obtain private counsel of his own choice against the equally desirable public need for efficient and effective administration of justice, concluded that a trial judge had not abused his discretion in refusing to allow a defendant additional time to secure the services of a private attorney where
 
 *300
 
 the defendant had already been granted a 1-month continuance for that purpose. The court’s conclusion was based upon the reasoning, applicable to the present case, that although a defendant has an absolute right to counsel, he has no absolute right to a particular counsel and so a request for additional time to secure a particular counsel may, in the court’s discretion, be denied.
 

 Defendant’s second contention on this appeal is that he should receive the benefit of the more lenient sentencing provisions of the recently enacted Controlled Substance Act, supra. As mentioned above, this act was passed during the pendency of defendant’s appeal. It provides in §780-113 (b) that a person convicted for the first time under the act for knowingly or intentionally possessing heroin shall be sentenced to imprisonment not exceeding 1 year or to pay a fine not exceeding $5,000, or both. The actual sentence given defendant under The Drug, Device and Cosmetic Act, supra, was 6 months to 5 years.
 

 The issue to be resolved is whether or not the newer Controlled Substance Act was intended to affect defendant’s sentence. To resolve this issue we must construe the words “similar” and “final” in § 780-139(a) of the act, which provides: “In any case not yet final if the offense is similar to one set out in this act, the penalties under this act apply if they are less than those under prior law.”
 

 Turning first to the similarity-of-offense issue, we must determine whether or not the offense of which defendant was convicted is similar to one set out in the Controlled Substance Act. In construing the word “similar” in the context of comparing two laws, we have noted that the laws need not be identical to be similar; it is sufficient that the laws be nearly corresponding or have a general likeness.
 
 Commonwealth
 
 
 *301
 

 v. Shaffer,
 
 175 Pa. Superior Ct. 100, 103 A.2d 430,
 
 allocatur refused,
 
 175 Pa. Superior Ct. xxv (1954);
 
 cf. Bonsall’s Estate,
 
 288 Pa. 39, 135 A. 724 (1927).
 

 Applying these definitions of the word “similar” to the case at hand, we conclude that the offense of which defendant was convicted is similar to one set out in the Controlled Substance Act. Specifically, defendant was convicted under §780-4 (q) of The Drug, Device and Cosmetic Act, which prohibits the possession of any dangerous or narcotic drug, and §780-20(c), which prescribes the penalty therefor. The offense delineated in §780-113(a) (16) of the Controlled Substance Act is “[k]nowingly or intentionally possessing a controlled . . . substance . . . .” Heroin being a “controlled substance,” §780-104(1) (ii) (10), the offenses are identical with respect to defendant’s possession of heroin except that the Controlled Substance Act expressly requires proof of guilty knowledge or intent. However, while under some circumstances this difference might dictate different results under the two acts,
 
 [1]
 
 we are satisfied that at least with respect to the present case the difference is not significant since under either act the defendant must be shown to have voluntarily intended the possessory act of which he stands accused,
 
 [2]
 
 
 *302
 
 and this was the only type of knowledge or intention which was in issue at defendant’s trial.
 
 [3]
 
 Additionally, the evidence believed by the trial court
 
 [4]
 
 as trier of fact was sufficient to support defendant’s conviction under either act, with or -without the requirement that the possession be knowing or intentional. Under these circumstances we have no difficulty in concluding that defendant’s offense is “similar” to, “nearly eorrespond
 
 *303
 
 ing” to, or has a “general likeness” with, the offense set out in §780-113 (a) (1(5) of the Controlled Substance Act.
 

 The Controlled Substance Act creates an additional crime called possession with intent to manufacture or deliver. The Commonwealth argues that it cannot be determined with certainty that the crime here involved is similar to simple possession, or possession with intent to manufacture or deliver. However, the Commonwealth admits that no evidence was produced to show intent to manufacture or deliver and we are satisfied that the offense of which appellant was convicted is similar to simple possession proscribed in § 780-113(a) (16), rather than possession with intent to manufacture or deliver.
 

 The final determination we must make is whether or not defendant’s case was “final” within the meaning of §780-139(a) of the Controlled Substance Act. We find that it was not. An apropos definition of “final” is provided in
 
 Commonwealth v. Little,
 
 432 Pa. 256, 248 A.2d 32 (1968), which involved the application of the
 
 Miranda
 

 [5]
 

 proscription against tacit admissions to a case on a
 
 nunc pro tunc
 
 direct appeal at the time
 
 Miranda
 
 was decided. The Court concluded that
 
 Miranda,
 
 though not retroactive, was nevertheless applicable since, at the time it was announced, the case in issue was not yet finalized. The Court adopted the rule on finality enunciated in
 
 Linkletter v. Walker,
 
 381 U.S. 618 (1965): A judgment is final when the availability of appeal is exhausted and the time for petition for certiorari has elapsed.
 

 Thus, this ease on direct appeal was not final when the Controlled Substance Act was passed. We conclude, therefore, that since defendant’s case was not final and since his offense is similar to one set out in the Con
 
 *304
 
 trolled Substance Act, be is entitled, pursuant to §780-139(a) of that act, to the benefit of the acts reduction in penalties.
 

 Case remanded for resentencing in accordance with this opinion.
 

 [1]
 

 For example, we have held, under prior law, that in the absence of an express requirement of knowledge or intent, a defendant may be convicted notwithstanding his alleged ignorance of the
 
 narcotic content
 
 of pills found in his possession.
 
 Commonwealth v. Yaple,
 
 217 Pa. Superior Ct. 232, 273 A.2d 346,
 
 allocatur refused,
 
 217 Pa. Superior Ct.
 
 l
 
 (1970) ;
 
 Commonwealth v. Gorodetsky,
 
 178 Pa. Superior Ct. 467, 115 A.2d 760,
 
 allocatur refused,
 
 179 Pa. Superior Ct. xxviii (1955). The effect of ignorance of the narcotic content of drugs has not been adjudicated under the Controlled Substance Act.
 

 [2]
 

 We have held that the legislature’s failure to require that punishable possession must be intentional is not necessarily determinative of what must be proved.
 
 Commonwealth v. Unkrich,
 
 142 Pa. Superior Ct. 591, 16 A.2d 737 (1940). In a case involving un
 
 *302
 
 lawful possession of liquor, we concluded that, though the word “intent” was not included in the applicable statute as part of the offense, the defendant could still raise as a defense that he was unaware of the liquor’s presence in his car.
 
 Commonwealth v. Schambers,
 
 105 Pa. Superior Ct. 467, 161 A. 624 (1932). This conclusion was based on our view that, while intent, in the sense of an intention to do something illegal, may be deleted from the elements of the crime, the act proscribed must still include the element of intent in the sense that the possessory act must be voluntary. Thus, we noted in
 
 Schambers
 
 that if a person is not conscious of the act of possession of an article such as a packet of narcotics, he cannot be convicted. This situation is distinguishable from those of
 
 Commonwealth v. Yaple,
 
 217 Pa. Superior Ct. 232, 273 A.2d 346,
 
 allocatur refused,
 
 217 Pa. Superior Ct.
 
 l
 
 (1970), and
 
 Commonwealth v. Gorodetsky,
 
 178 Pa. Superior Ct 467, 115 A.2d 760,
 
 allocatur refused,
 
 179 Pa. Superior Ct. xxviii (1955), wherein the defendants were found in the voluntary possession of pills, but contended that they did not know the pills in question contained narcotics. We held in
 
 Yaple
 
 and
 
 Gorodetsky
 
 only that specific knowledge of the narcotic content of the pills need not be shown; we did not hold that the convictions could be sustained without proof that the pills, whatever their content, were voluntarily in the defendants’ possession. Thus, we did not depart from our decision in
 
 Schambers. See Commonwealth v. Bready,
 
 220 Pa. Superior Ct. 157, 160 n.2, 286 A.2d 654, 656 n.2 (1971).
 

 [3]
 

 Defendant contended at trial that he had no knowledge whatsoever of the heroin packet until the packet was produced by the arresting officer.
 

 [4]
 

 At trial the arresting officer and the defendant were the only witnesses who testified. Their stories were contradictory. The judge, by his verdict, apparently chose to credit the officer’s version of the facts, which was that defendant, upon seeing the officer, attempted to discard a packet found to contain heroin.
 

 [5]
 

 Miranda v. Arizona,
 
 384 U.S. 436 (1966).