Commonwealth *v.* Zimmerman, Appellant.

Submitted September 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Ralph W. D. Levan,* Assistant Public Defender, for appellant.

*Grant E. Wesner,* Deputy District Attorney, and *Robert L. VanHoove,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., November 16, 1972:

Following his entry of guilty pleas to charges of possession and sale of heroin and conspiracy, defendant was sentenced under The Drug, Device and Cosmetic Act of 1961, 35 P.S. §§ 780-1 to -31, to pay a fine of $500 and the costs of prosecution, and to undergo imprisonment for not less than 1 year nor more than 4 years. He thereafter appealed to this Court.

Defendant's primary complaint is that he received a sentence which, though within the legal limits, was unduly long in view of his clean record and his co-operation with the prosecution. As evidence of the excessiveness of his sentence he points to a sentence of 10 to 59 months given to a co-conspirator, complaining that the co-conspirator's sentence had a lesser minimum than the one he received. What he overlooks is that the maximum is the real sentence, *Commonwealth v. Daniel,* 430 Pa. 642, 243 A.2d 400 (1968), and therefore, technically speaking, it was defendant who received the shorter sentence since his maximum was 11 months shorter than the co-conspirator's. Additionally, the co-conspirator's conviction turned on facts different from defendant's. Altogether, we are completely unable to find, in defendant's sentencing, any abuse of the sound discretion with which the trial court is vested. *See Commonwealth v. Dixon,* 179 Pa. Superior Ct. 1, 115 A.2d 811 (1955), *aff'd,* 383 Pa. 474, 119 A.2d 261, *cert. denied,* 351 U.S. 938 (1956).

We note, however, that subsequent to defendant's sentencing, and while his case was on direct appeal, The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, No. 69, 35 P.S. §§780-101 to

-143 (Pa. Leg. Serv. 165-94 (1972)), as amended, Act of June 27, 1972, No. 64, 35 P.S. §780-144 (Pa. Leg. Serv. 415 (1972)), was enacted. Section 780-139(a) of that act provides: "In any case not yet final if the offense is similar to one set out in this act, the penalties under this act apply if they are less than those under prior law." Being on direct appeal, defendant's case was not yet final when the 1972 act was passed, and defendant's offenses of possessing and selling heroin under the 1961 act appear to be similar to ones set out in the 1972 act. *See Commonwealth v. Simpson,* 222 Pa. Superior Ct. 296, 294 A.2d 805 (1972). Additionally, the penalties under the 1972 act are less than those under the 1961 act. Consequently, the sentencing provisions of the 1972 act are applicable and defendant should be given the benefit of them. Although the lower court did not indicate the extent to which each of defendant's three offenses contributed to his overall sentence, it is clear that the court could have given defendant a lesser sentence under the 1972 act than under the 1961 act, and therefore the case should be remanded for resentencing to give the trial court an opportunity to consider the lesser sentencing provisions of the 1972 act.

Case remanded for resentencing under The Controlled Substance, Drug, Device and Cosmetic Act.