## Commonwealth *v.* Hartley, Appellant.

Argued September 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

542

*Charles A. Harad,* with him *Howard M. Girsh,* for appellant.

*Wardell F. Steigerwalt,* Assistant District Attorney, with him *George J. Joseph,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 27, 1973:

The issue before this Court on appeal is whether a sentence can be imposed on a defendant who was convicted of violating a statutory crime when that statute has been adjudged unconstitutional by our Supreme Court prior to the imposition of sentence.

On January 15, 1971, appellant was convicted of criminal libel. Sentence was deferred pending a presentence investigation. On April 10, 1972, the trial court imposed a sentence of three hundred dollars plus costs of prosecution; sentence of imprisonment was suspended, and appellant was placed on one-year probation. In the interim, prior to appellant's sentencing, the Pennsylvania Supreme Court decided *Commonwealth v. Armao,* 446 Pa. 325, 286 A. 2d 626 (1972), holding that the criminal libel statute was unconstitutional.[1]

---

[1] In striking down the criminal libel statute (Act of June 24, 1939, P. L. 872, §412, 18 P.S. §4412), our Supreme Court stated: "Applying these principles to the statutes, underlying appellants' convictions [parenthetical citation omitted], we find the legislative scheme inadequate in several areas. The statutory language makes no provision for truth being an absolute defense. Likewise, no recognition is given the reckless disregard and knowing falsity standard mandated by New York Times [376 U.S. 254 (1964)] and Garrison [379 U.S. 64 (1964)]." 446 Pa. at 337. (Citations added).

Appellant argues that since *Armao* was decided prior to sentencing, he should be discharged because the effect of *Armao* is to make appellant's alleged acts no longer criminally proscribed. Furthermore, he argues, as the case is before this Court on direct appeal, the judgment of sentence is not final, and we may apply *Armao* to grant appellant relief. We agree.[2]

In *Commonwealth v. Little*, 432 Pa. 256, 248 A. 2d 32 (1968), our Supreme Court held that an appellant on an appeal nunc pro tunc could avail himself of an intervening Supreme Court decision condemning the admissibility of a tacit admission in a criminal conviction.[3] In ruling that its decision in *Little* did not imply a retroactive application of a decision to a prior case, the Court adopted the concept of finality employed in *Linkletter v. Walker*, 381 U.S. 618, 622 (1965): "By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed before our decision in Mapp v. Ohio." In accord, *Commonwealth v. Simpson*, 222 Pa. Superior Ct. 296, 303, 294 A. 2d 805 (1972).

As *Armao*, supra, was decided prior to imposition of sentence, and as the instant appeal comes directly from that judgment of sentence in a timely fashion, we are bound to reverse appellant's conviction.[4]

The judgment of sentence is reversed, the conviction vacated, and appellant is discharged.

---

[2] We note that the Commonwealth has joined in appellant's petition for relief on constitutional principles.

[3] *Commonwealth v. Dravecz*, 424 Pa. 582, 227 A. 2d 904 (1967).

[4] For purposes of this appeal, we need not decide the retroactivity of *Armao* to cases that are final.