## Commonwealth *v.* Brown, Appellant.

Submitted March 20, 1974.   Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Martin A. Ostrow,* for appellant.

*David Richman,* Assistant District Attorney, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 21, 1974:

Appellant contends that the lower court erred in sentencing him pursuant to The Drug, Device and Cosmetic Act of 1961.

On August 25th and 29th, 1972, the appellant was tried and convicted of felonious sale and possession of narcotic drugs before the Honorable Theodore S. GUTOWICZ and a jury in the Court of Common Pleas of Philadelphia County. On December 14, 1972, Judge GUTOWICZ sentenced appellant to serve a term of five to ten years at a State Correctional Institution.

The Drug, Device and Cosmetic Act of 1961 was repealed and in its place the Legislature enacted the Controlled Substance, Drug, Device and Cosmetic Act (The New Drug Act). The New Drug Act provides: "In any case not yet final if the offense is similar to one set out in this act, the penalties under this Act apply if they are less than those under prior law." April 14, 1972, P. L. 233, No. 64, Sec. 39 (35 P.S. Sec. 780-139). Appellant was sentenced under the Drug Act of 1961

166

which mandated that the sentencing judge impose a minimum sentence of five years. Under *Commonwealth v. Simpson*, 222 Pa. Superior Ct. 296, 294 A. 2d 805 (1972), appellant should have been sentenced under The New Drug Act which prescribes no minimum term of imprisonment.

Accordingly, this case is remanded for resentencing under the New Drug Act.