Commonwealth *v.* Perry, Appellant.

Submitted March 28, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Barbara Bailey* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*David Richman,* Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 21, 1974:

The only issue on this appeal is whether appellant should be resentenced under The Controlled Substance, Drug, Device and Cosmetic Act.[1] We find that he should be resentenced and reverse the lower court's order which denied his petition for correction of sentence.

Appellant was charged, tried, and found guilty of possession of narcotic drugs, namely heroin, in violation of The Drug, Device and Cosmetic Act of September 26, 1961, P. L. 1664, §1 *et seq.,* 35 P.S. §780-1 *et seq.* His sentence under that act was 9 months to 5 years imprisonment. On appeal, his conviction was affirmed per curiam by our Court on May 18, 1972.[2] On June 14, 1972, The Controlled Substance, Drug, Device and Cosmetic Act became effective. Two days later, appellant filed a timely petition for allocatur in the Supreme Court. That petition was denied on September 29, 1972. On October 11, 1972, appellant's petition to correct his

---

[1] Act of April 14, 1972, P. L. 233, No. 64, §1 *et seq.,* 35 P.S. §780-101 *et seq.* (Supp. 1973-74).

[2] *Commonwealth v. Perry,* 221 Pa. Superior Ct. 789, 291 A.2d 782, *allocatur refused,* 221 Pa. Superior Ct. *xlvi* (1972).

sentence was denied by the court below. This appeal followed.

Section 39(a) of The Controlled Substance, Drug, Device and Cosmetic Act provides: "Prosecution for any violation of law occurring prior to the effective date of this act is not affected or abated by this act. In any case not yet final if the offense is similar to one set out in this act, the penalties under this act apply if they are less than those under prior law."

Appellant claims that his case was not yet final *before* the effective date of The Controlled Substance, Drug, Device and Cosmetic Act. We agree. In *Commonwealth v. Simpson,* 222 Pa. Superior Ct. 296, 303, 294 A.2d 805, 808 (1972), we said: "A judgment is final when the availability of appeal is exhausted and the time for petition for certiorari has elapsed." The present case was still on direct appeal when the new act became effective.

Turning next to the requirement that the offense be similar to one under the new act, we note that The Controlled Substance, Drug, Device and Cosmetic Act in §780-113(a)(16) also prohibits the possession of heroin. *Commonwealth v. Simpson,* supra. Although the new act in §780-113(a)(30) creates an additional crime, called possession with intent to manufacture or deliver, it has not been argued that appellant committed that crime. We are satisfied that appellant's offense is similar to possession under the new act and that its penalty should apply.

The penalty for mere possession of heroin under The Controlled Substance, Drug, Device and Cosmetic Act is imprisonment not exceeding 1 year or a fine not exceeding $5,000 or both.[3] Since appellant's sentence of 9 months to 5 years exceeds the penalty under the new

---

[3] Act of April 14, 1972, P. L. 233, No. 64, §13(b), *as amended,* 35 P.S. §780-113(b).

act, he is entitled to be resentenced. *Commonwealth v. Santiago,* 223 Pa. Superior Ct. 493, 305 A.2d 378 (1973); *Commonwealth v. Simpson,* supra.[4]

Order reversed and case remanded for resentencing consistent with this opinion.

---

[4] Appellant's procedure in attacking his sentence has not been challenged.