422 A.2d 208

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Edward Joseph FAUST, Leonard Hammer Nelson, Appellees.**

Superior Court of Pennsylvania.

Argued April 16, 1980.

Decided Oct. 10, 1980.

358

Francis C. Sichko, Assistant District Attorney, Washington, for Commonwealth, appellant.

Leonard I. Sharon, Pittsburgh, for Faust, appellee.

Ann L. Begler, Pittsburgh, for Nelson, appellee.

Before PRICE, BROSKY and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal by the Commonwealth from an order suppressing evidence discovered in a warrantless search of a public bathroom stall. As a result of the search, appellees, Edward Joseph Faust and Leonard Hammer Nelson were charged with violations of Voluntary Deviate Sexual Intercourse.[1] Appellees' counsels filed a pre-trial motion to suppress the evidence and testimony of the arresting officer, the only witness. A suppression hearing was held on December 14, 1978 before the Honorable Thomas J. Terputac.

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. 3124, eff. June 6, 1973. This statute provides: "A person who engages in deviate sexual intercourse under circumstances not covered by section 3123 of this title (related to involuntary deviate sexual intercourse) is guilty of a misdemeanor of the second degree."

The lower court found that the Commonwealth violated appellees' Fourth Amendment rights by intruding upon appellees' reasonable expectation of privacy. This appeal by the Commonwealth followed.

Subsequent to the filing of this appeal, the Supreme Court decided *Commonwealth v. Bonadio*, 490 Pa. 91, 415 A.2d 47 (1980). Therein, the voluntary deviate sexual intercourse statute was found to be unconstitutional in that it exceeded valid bounds of the police power while infringing the right to equal protection of the laws guaranteed by the Constitution of the United States and of this Commonwealth.

The issue now before us is whether we should rule upon the suppression issue when the underlying charges have been adjudged unconstitutional by our Supreme Court prior to a final determination in this case.[2]

In *Commonwealth v. Hartley*, 223 Pa.Super. 541, 302 A.2d 378 (1973), our court was faced with a similar situation. Therein, the appellant was convicted of violating the statutory offense of criminal libel. Prior to the imposition of sentence, the Pennsylvania Supreme Court in *Commonwealth v. Armao*, 446 Pa. 325, 286 A.2d 626 (1972), held that the criminal libel statute was unconstitutional.

Although appellant had been tried, convicted and sentenced, he was before us on a timely direct appeal from the judgment of sentence. We concluded that his case was not yet finalized according to the definition employed by the Supreme Court in *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). Therein, the Supreme Court opined:

"By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the

---

2. *Commonwealth v. Bonadio* was decided subsequent to oral argument in this case; consequently, neither parties' brief discusses its ramifications. However, neither side has since filed any Post–Submission Communications with this court pursuant to Pa.R.A.P. 2501, or requested reargument pursuant to Pa.R.A.P. 2543. We are compelled to address this issue sua sponte for our analysis, infra, renders the suppression issue moot. *In re Gross*, 476 Pa. 203, 382 A.2d 116 (1978).

time for petition for certiorari had elapsed..." 381 U.S. at 622, 85 S.Ct. at 1734.

See also, *Commonwealth v. Simpson*, 222 Pa.Super. 296, 294 A.2d 805 (1972). Because the intermediate Supreme Court decision was rendered prior to a final determination of appellant's case, we held that *Commonwealth v. Armao* applied to appellant's case. His sentence was reversed and conviction vacated.

Based upon the above definition of finality and upon our decision in *Commonwealth v. Hartley*, supra, we must conclude that the case before us was not finalized when *Commonwealth v. Bonadio* was decided. Therefore, the charges against the appellees are unconstitutional.

The suppression issue raised by the Commonwealth is now moot, and this appeal must be dismissed.[3]

Appeal dismissed pursuant to above analysis that suppression issue is moot.

---

[3]. For purposes of this appeal, we need not decide the retroactivity of *Commonwealth v. Bonadio* to cases which are final.