J-S02028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAFAEL SOLIS | : | |
| | : | |
| Appellant | : | No. 262 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 17, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0013307-2008.

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

JUDGMENT ORDER BY KUNSELMAN, J.: **FILED MAY 19, 2021**

Rafael Solis appeals from the judgment of sentence of two to ten years' incarceration, after the trial court revoked his probation on two grounds. Solis asserts one of those grounds violates the First Amendment to the Constitution of the United States and Article I, § 7 of the Constitution of the Commonwealth of Pennsylvania.[1] However, because Solis did not challenge the trial court's second basis for revoking probation, we need not reach this constitutional issue. We therefore dismiss the appeal as moot.

Solis originally served ten years in prison following his *nolo contendere* plea to certain sex offenses perpetrated upon his seven-year-old daughter.

---

[1] The two constitutions provide that "Congress shall make no law . . . abridging the freedom of speech," U.S. Con. amnd. I, and that "every citizen may freely speak, write and print on any subject, being responsible for the abuse of that liberty." Pa. Con. art. I, § 7. *See Gitlow v. New York*, 268 U.S. 652 (1925) (incorporating the First Amendment against the several States).

Upon his release from prison, Solis also had eight years of probation to complete. His probation conditions included successfully undergoing sex-offender treatment and refraining from possessing an internet-ready phone. On December 5, 2019, the trial court found Solis in violation of both of those conditions and sentence him as described above. Trial Court 1925(a) Opinion, 6/9/20, at 1. This timely appeal followed.

Solis raises one issue on appeal:

> [Whether] the sentencing court [violated] his First and Fourteenth Amendment rights [and] his rights under Article 1, Section 7, of the Pennsylvania Constitution . . . where the condition for restriction on the use of a cell phone with internet access was unconstitutional as applied to appellant as the condition was not rationally related to the crimes of conviction and were unduly restrictive?

Solis's Brief at 3.

The Commonwealth urges us to refrain from deciding this constitutional question. It indicates that Solis "does not challenge on appeal the additional, independently sufficient basis on which the trial court found him in violation of his probation: that he was discharged from his sex-offender treatment program for non-compliance with the program." Commonwealth's Brief at 9.

Whether an appellant has preserved an issue for our review and whether the issue he raised is moot both present "pure questions of law, and therefore this Court's standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Dixon**, 907 A.2d 468, 472 (Pa. 2006).

- 2 -

Solis omitted the additional ground for revocation of his probation from both his 1925(b) Statement and his appellate brief's Statement of Questions Involved. Thus, whether the trial court erred in revoking his probation based upon Solis's failure to complete his sex-offender treatment program is waived. Pa.R.A.P. 1925(b)(4); Pa.R.A.P. 2111; Pa.R.A.P. 2116(a) (dictating that "No question will be considered unless it is stated in the [appellant's] statement of questions involved . . .") Because Solis waived that issue, the trial court's wholly independent ground for revocation is not before us.

Under the doctrine of mootness, when an appellate court "cannot afford [a] particular appellant relief, the issue is . . . moot." *Dixon*, 907 A.2d at 472; *see also Commonwealth v. Faust*, 422 A.2d 208 (Pa. Super. 1980) (dismissing Commonwealth's appeal from an order of suppression as moot). "This Court is even more reluctant to decide moot questions which raise constitutional issues." *In re Gross*, 382 A.2d 116, 120 (Pa. 1978).

Even if the revocation of probation due to Solis's possession of a smart phone was unconstitutional, we can afford him no relief, because he waived the other, independent basis of revocation. Accordingly, the sole issue that Solis raised is moot.

Appeal dismissed as moot.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/19/2021*