Commonwealth *v.* Tillery, Appellant.

Argued November 14, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John J. McCreesh, III.,* for appellant.

*Norris E. Gelman,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, October 16, 1974:

The appellant, Robert Tillery, was convicted in a nonjury trial of murder of the second degree and carrying a concealed deadly weapon. Post-verdict motions were denied and the appellant received a sentence of three to twelve years imprisonment for the murder and a consecutive one-year probation sentence for the offense of carrying a concealed deadly weapon. This appeal followed.

The only issues raised are (1) whether the conflict in the testimony of witnesses raised a reasonable doubt as to the guilt of the appellant and (2) whether the verdict was against the weight of the evidence.

Witnesses for the prosecution testified that the appellant fatally stabbed the victim who was sitting on a couch in the living room of a house. Two of the witnesses were seated on the couch with the victim when the stabbing occurred. Another witness was a few feet away. Although the witnesses for the prosecution differed in their testimony as to some of the specific details preceding and at the time of the stabbing, all of these eyewitnesses testified that the appellant was the aggressor and contradicted the appellant's testimony that he stabbed the victim in self-defense.

The appellant was the only witness who testified that he was acting in self-defense. The assessment of his credibility was the function of the fact finder, the trial court. *See Commonwealth v. Paquette*, 451 Pa. 250, 301 A.2d 837 (1973). The trial court found that the "[d]efendant testified, but we did not believe, that he acted in self-defense."

The test for determining the sufficiency of the evidence is "whether, accepting as true all of the evidence, be it direct or circumstantial, and all reasonable inferences arising therefrom upon which, if believed, the trier of facts could properly have based the verdict, it is sufficient in law to prove beyond a reasonable doubt

that the defendant is guilty of the crime or crimes of which he has been convicted." *Commonwealth v. Malone,* 444 Pa. 397, 398, 281 A.2d 866, 867 (1971).

We conclude after a review of the record, that the evidence did not raise, as a matter of law, a reasonable doubt as to the appellant's guilt.

Judgment of sentence affirmed.