369 A.2d 429

COMMONWEALTH of Pennsylvania

v.

**Warren HARDING, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 1976.

Decided Dec. 15, 1976.

James Gardner Colins, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

WATKINS, President Judge:

This is an appeal from the denial of a Petition under the Post Conviction Hearing Act after an evidentiary hearing.

The case has a long history. The appellant, Warren Harding, was arrested on April 15, 1971. There were a number of continuances and he was finally brought to trial eleven months after his arrest. He had been incarcerated because of his failure to make bail until a few days before his trial at which time he asked for a continuance so that he could obtain private counsel. He was represented by Harvey Booker, Esquire, appointed by the court. The Calendar Judge denied his request for a continuance.

The facts presented at trial were that the appellant robbed Rosalie McNeil in her home on October 30, 1970, at gun point and attempted to rob her again at knife

point at a later date. After trial before a jury he was found guilty of all charges, post-trial motions were denied and concurrent eight to twenty year sentences were imposed. Appellant retained private counsel and filed a direct appeal to this Court on September 19, 1973. We affirmed the judgment of sentence at *Commonwealth v. Harding*, 225 Pa.Super. 84, 310 A.2d 326 (1973). Allocatur was denied. This petition under the Post Conviction Hearing Act was filed and denied after a full hearing. This appeal followed.

■ The appellant's complaint concerning the time that elapsed between his arrest and his trial, eleven months, and his contention that the court below abused its discretion in refusing a continuance were not raised in his appeal to this Court at which time he had private counsel. The failure to raise these contentions under the circumstances constituted a waiver. *Commonwealth v. Waddy*, 463 Pa. 426, 345 A.2d 179 (1975); *Commonwealth v. Tunnell*, 463 Pa. 462, 345 A.2d 611 (1975).

■ However, the granting or denial of a continuance is traditionally a matter within the discretion of the trial judge. It is not every denial of a request for more time that violates due process. Only where the denial of a request for a continuance is arbitrary will it be held to be a violation of due process. *Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). In *U. S. v. Jones*, 369 F.2d 217 (7th Cir. 1966), the Circuit Court found no prejudice had been shown as a result of the denial of a continuance to obtain private counsel. The court stated in that case that the trial court was careful to insure the defendant would have adequate counsel to defend him at the time of his trial. This was also true in this case.

In *Commonwealth v. Merritt*, 227 Pa.Super. 257, 261, 323 A.2d 875, 877 (1974), this Court said:

"While adequate representation by qualified counsel is indispensable, and as a result, parties have a right to

choose counsel if they can afford one, or to have counsel appointed if they cannot, the intrinsic professional competence of counsel is all that matters despite the defendant's preference for the name or fame of a particular attorney."

It is necessary in cases like this one to balance the desirability of permitting a defendant additional time to retain private counsel against the equally desirable need for efficient and effective administration of justice. See, *U. S. ex rel. Felton v. Rundle*, 410 F.2d 1300 (3d Cir. 1969); *Lee v. United States*, 98 U.S.App.D.C. 272, 235 F.2d 219 (1956). In *Lee* the court stated "the accused's 'right to select his own counsel cannot be (exercised) in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same.' "

The case on which the appellant mainly relies is *Commonwealth v. Atkins*, 233 Pa.Super. 202, 336 A.2d 368 (1975), in support of his contention that the refusal to grant his request for a continuance violated his Sixth Amendment right. *Atkins,* supra, is inapposite to this case because there the defendant could afford and had retained private counsel; however, she actually was being represented by an assistant of the attorney she had hired. It is clear that the appellant was satisfied with Mr. Booker's services at trial. As Judge Doty held:

"The defendant was ably and vigorously represented by trial counsel. Therefore, we find as a fact that he was not deprived of his right to representation by competent counsel. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599 [235 A.2d 349] (1967)."

Decision of the lower court is affirmed.