374 A.2d 1317

**COMMONWEALTH of Pennsylvania**

v.

**Monty FLYNN, Appellant.**

Superior Court of Pennsylvania.

Argued June 17, 1976.
Decided June 29, 1977.

64

Richard S. Wasserbly, Assistant Public Defender, Doylestown, for appellant.

Peter F. Schenck, Assistant District Attorney and Stephen B. Harris, First Assistant District Attorney, Doylestown, submitted a brief for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

HOFFMAN, Judge:

Appellant was convicted by a jury of attempted murder,[1] robbery,[2] and related offenses. Appellant raises numerous allegations of error; we believe that two of those allegations have merit. First, we believe that the trial court abused its discretion in not granting a continuance so that appellant's Public Defender would have adequate time to prepare the defense. Second, we also believe that the Commonwealth abridged appellant's constitutional right to remain silent. Consequently, we vacate the judgment of sentence and remand for a new trial.

On August 9, 1974, appellant was arrested and charged with thirty-five counts of robbery, attempted homicide, and other related offenses. At the preliminary hearing on Au-

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 901. The Crimes Code, supra, 18 Pa.C.S. §§ 2501, 2502.

2. The Crimes Code, supra; 18 Pa.C.S. § 3701.

gust 26, 1974, and until February 24, 1975, appellant was represented by privately retained counsel. The trial was originally scheduled for October 28, 1974, but appellant secured two continuances, pushing the trial date back to February 24, 1975. Appellant's counsel maintained that the additional time was necessary in order to prepare a defense that required much expert testimony. Appellant himself remained in jail during the period between arrest and trial.

On February 24, 1975, appellant's counsel did not appear for trial because he was busy trying another case in Delaware County. A second attorney appeared and informed the court that appellant wished to discharge the first attorney. He said that a friend of appellant had contacted him five or six weeks earlier about representing appellant. The friend told the second attorney that he had made numerous unsuccessful efforts to contact the first attorney in order to discharge him.[3] Due to the entry of the first counsel's appearance, the second attorney would not discuss the possibility of representation with appellant or his friend; he feared that such an action would violate Canon Two of the Code of Professional Responsibility.[4] He did, however, request a continuance on appellant's behalf. When asked by the hearing judge whether he or an associate would be prepared to try the case on February 24 or 25, the second attorney responded that he would need at least one week to prepare the defense. The lower court refused to grant a continuance because the Commonwealth's witnesses had been gathered on four or five previous occasions. The judge then removed the first attorney from the case and assigned appellant's defense to the Public Defender's Office with orders to proceed to trial at 10:00 a. m., February 25.

After the hearing on February 24, a representative of the Public Defender's Office interviewed appellant in the Bucks

**3.** The difficulty of contacting the first attorney is also demonstrated by the persistent and futile efforts of the District Attorney's office during the two weeks prior to the February 24, 1975 trial date.

**4.** See Code of Professional Responsibility, Canon 2, Ethical Consideration 2–30.

County Prison and discovered that appellant desired to present an insanity defense based on the testimony of about ten witnesses. At 3:30 p. m., one of the attorneys on the Public Defender's staff was assigned to represent appellant. He tried, unsuccessfully, to contact both the first and second lawyers involved with appellant. He called the prison diagnostic unit to determine whether appellant had been examined there, but again failed to obtain a response. Counsel assigned to the case had no opportunity to confer personally with appellant or any of the potential witnesses before trial. At 10:00 a. m., on February 25, counsel applied for a continuance because more time was needed to study the possibility of an insanity defense based on expert testimony. The request was denied and trial started promptly. The prosecution presented its case on the first day, and the court then granted a one day recess. On February 27, 1975, the prosecution reopened its case to present the testimony of an alleged co-conspirator. Appellant's counsel abandoned the insanity defense and did not present any witnesses, choosing to rest the defense on the presumption of innocence.

■ Appellant asserts that his constitutional right to be represented by the counsel of his choice was impaired by the February 24 refusal of the hearing court to grant a one week continuance so that the second attorney could prepare a defense. It is well-settled that the right to obtain the assistance of counsel of one's own choosing is a necessary corollary to the right of counsel guaranteed by both the Pennsylvania [5] and Federal [6] Constitutions. See *Chandler v. Fretag*, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954); *United States ex rel. Carey v. Rundle*, 409 F.2d 1210 (3rd Cir. 1969), cert. denied 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127; *Commonwealth v. Novak*, 395 Pa. 199, 150 A.2d 102 (1959), cert. denied 361 U.S. 882, 80 S.Ct. 152, 4 L.Ed.2d 118; *Commonwealth v. Atkins*, 233 Pa.Super. 202, 336 A.2d 368 (1975). It is equally well-settled, however, that the right to

**5.** Pa.Const. art. 1 § 9.

**6.** U.S.Const. Amend. VI.

choose a particular counsel is not unqualified. "The right to choose a particular counsel, however, is not absolute. Thus, the desirability of permitting a defendant additional time to obtain private counsel of his choice must be weighed against the public need for the efficient and effective administration of justice. *Commonwealth v. Simpson,* 222 Pa.Super. 296, 294 A.2d 805 (1972). The matter of continuance is traditionally one within the discretion of the trial judge, and no prophylactic rule exists for determining when a denial of a continuance amounts to a violation of due process. Each case must be decided by balancing the competing interests, giving due regard to the facts presented." *Commonwealth v. Atkins,* 233 Pa.Super. 202 at 207, 336 A.2d at 371 (1975). See also, *Ungar v. Sarafite,* 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964); *United States ex rel. Baskerville v. Deegan,* 428 F.2d 714 (2nd Cir. 1970), cert. denied 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188.

▆▆▆ We believe that the hearing court did not abuse its discretion in refusing to grant the continuance sought by the second attorney on behalf of appellant. The hearing court's decision should not be considered unreasonable in light of the lack of an affirmative indication that the second attorney would, in fact, undertake appellant's defense and the fact that the Commonwealth had already gathered its witnesses four or five times. Cf. *Commonwealth v. Minifield,* 225 Pa.Super. 149, 310 A.2d 366 (1973); *Commonwealth v. Simpson,* 222 Pa.Super. 296, 294 A.2d 805 (1972). Nevertheless, to say that appellant does not have an absolute right to be represented by the second attorney is not to say that appellant cannot complain if he is immediately forced to go to trial with an *unprepared* attorney. Appellant is constitutionally entitled to effective representation at trial as well as the physical presence of counsel. See *Avery v. Alabama,* 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); cf. *Commonwealth v. Owens,* 454 Pa. 268, 312 A.2d 378 (1973). "[A] myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." *Ungar v. Sarafite,* 376

U.S. 575 at 589, 84 S.Ct. 841 at 849 (1964). Because we believe that the Public Defender did not have sufficient time to prepare appellant's defense, we hold that the hearing court erred when it refused to grant a continuance on February 25, 1975.

*Commonwealth v. Ross,* 465 Pa. 421, 350 A.2d 836 (1976), provides the main support for our conclusion. In *Ross,* defendant was arrested on April 18, 1972, and placed in jail. He petitioned, unsuccessfully, for appointment of counsel. On July 6, 1972, the scheduled trial date, defendant hired an attorney who sought a continuance to prepare a defense. The trial court refused the continuance and the retained attorney withdrew from the case. The trial court thereupon appointed the Public Defender to represent the accused. The attorney assigned to the case immediately sought a continuance; his motion was denied and jury selection began. The next day, defendant was arraigned in court. Defendant then informed the court that he did not want the help of assigned counsel anymore, but the court instructed the Public Defender to remain in the courtroom in case he was needed. The Supreme Court reversed the ensuing conviction because the trial court abused its discretion by refusing to grant *either* of the two requested continuances. "Both of appellant's prospective attorneys asserted that they needed time to prepare his defense. The refusal to give them any time denied appellant his right to counsel and could only give rise to an ineffective assistance of trial counsel claim in a subsequent proceeding. Moreover, there is no evidence of bad faith by appellant. Denial of a motion for a continuance in these circumstances gives rise only to unnecessary proceedings in the trial court. There was no valid reason to 'force the case to trial.'" *Commonwealth v. Ross,* 465 Pa. at 427, 350 A.2d at 839–840.

In the case at bar, there is no allegation or evidence that appellant acted in bad faith to delay the proceedings; appellant's predicament on the day of trial seems to be the result of lack of diligence by his first retained attorney. Two attorneys asserted the need for additional time to develop

appellant's defense to the thirty-five charges levelled against him. Unlike the situation in *Avery v. Alabama,* 308 U.S. 444, 452, 60 S.Ct. 321, 84 L.Ed. 377 (1940), the lower court did not allow sufficient time to exhaust every angle of the case nor did counsel fail to indicate that he could have done more if additional time had been granted. The short period of time before trial, equivalent to that available in *Ross* was not sufficient to allow the Public Defender to explore appellant's possible insanity defense, apparently the basis of the first attorney's strategy. The Public Defender could neither contact the first two attorneys nor converse with the ten witnesses suggested by appellant prior to trial. Expert witnesses could not be secured on a moment's notice. Counsel made a quick decision to try to show that the prosecution could not prove appellant's guilt beyond a reasonable doubt; he justifiably abandoned any attempt to investigate an insanity defense within such a short time period. Because counsel was forced to choose one line of defense at the inception of the trial, the one day recess did not provide sufficient time for appellant's counsel to explore and to prepare a thorough insanity defense. In order to take advantage of the belated recess, counsel would have been forced to switch defenses in mid-trial and to adopt a line of argument probably inconsistent with the previous attack. An insanity defense would probably concede that appellant committed the alleged crimes. Therefore, we find that the lower court abused its discretion in not allowing the Public Defender more time to prepare a defense.

Appellant presents a second meritorious contention. He asserts that his constitutional right to remain silent was violated when a Commonwealth witness testified that he arrested appellant and appellant did not then offer any statements as to his activities during the evening that appellant allegedly committed the crimes. After calling three witnesses who testified that the crimes occurred on the evening of August 8, 1974, the Commonwealth called the officer who arrested appellant the following day. We reproduce below the testimony given by the arresting officer which appellant finds objectionable:

70

"Q. And did you arrest [appellant] and the others together?

"A. Yes.

"Q. Now, at that time did you have an occasion to talk to [appellant]?

"A. Yes, I did.

"Q. And did he tell you what he had been doing in the evening hours of August 8, 1974?

"A. No, he did not.

"MR. WASSERBLY: I object, Your Honor. I move for a mistrial.

"THE COURT: Overruled.

"BY MR. MARKLEY:

"Q. Was there any conversation between anyone at all concerning the playing of cards?

"A. Not that I recall, no, Mr. Markley, not that I can recall.

"Q. Did you then place [appellant] under arrest and take him back?

"A. Yes.

"MR. WASSERBLY: I renew my motion, Your Honor.

"THE COURT: It is noted and overruled."

In *Commonwealth v. Haideman*, 449 Pa. 367, 296 A.2d 765 (1972), the Supreme Court held that reversible error was committed when evidence of defendant's silence at the time of his arrest was admitted at trial. "To permit such evidence would certainly impair and burden appellant's constitutional privilege and impose the very penalty which *Miranda* [*Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)] specifically forbids." *Commonwealth v. Haideman*, 449 Pa. 367 at 373, 296 A.2d at 768. Cf. *United States ex rel. Staino v. Brierly*, 387 F.2d 597 (3rd Cir. 1967), citing with approval the dissenting opinion of HOFFMAN, J., in *Commonwealth ex rel. Staino v. Cavell*, 207 Pa.Super. 274, 217 A.2d 824 (1966). The lower court, in its opinion

rejecting appellant's post-trial motions, sought to distinguish *Haideman* by arguing that there was explicit testimony in that case that defendant refused to answer questions posed by the arresting officer. In the case at bar, there was no indication that the arresting officer asked any questions. *Commonwealth v. Greco,* 227 Pa.Super. 19, 323 A.2d 132 (1974), affirmed 465 Pa. 400, 350 A.2d 826 (1976), demonstrates that this argument is patently baseless. In *Greco,* the following dialogue occurred at trial:

"[Prosecutor]: Did Greco every say anything to you?

"[Arresting Officer]: We had several conversations. I advised him to—that he had the right to remain silent, and he didn't actually make any statements other than general conversation."

The Supreme Court found this testimony an impermissible encroachment on defendant's right not to incriminate himself. The Court stated that, "[t]he law is clear. It is reversible error to admit evidence of a defendant's silence at the time of his arrest." 465 Pa. at 403, 350 A.2d at 828. The Commonwealth contended, as it does in the case at bar,[7] that the testimony was inadvertently elicited, and, therefore, the Commonwealth should not be punished by a reversal; the Court dismissed this argument. "The prejudice which resulted, however, did not occur because of inferences which the jury might have drawn from what the prosecutor did or did not intend. The prejudice resulted because of the inferences which might have been drawn from the appellant's reaction when told of the constitutional right to remain silent."[8] 465 Pa. at 404, 350 A.2d at 828. Because the

7. In the instant case, the Commonwealth apparently expected the arresting officer to testify that appellant gave an exculpatory version of his activities on the evening of August 8, 1974. The Commonwealth then planned to attack that version. This explanation, however, cannot excuse the asking of a *second* question, after objection, concerning appellant's activities on August 8.

8. This point is nicely articulated in the opinion of the Superior Court, per JACOBS, J., in *Commonwealth v. Greco,* 227 Pa.Super. 19, 23, 323 A.2d 132, 134 (1974): "[T]he fact that the reference may have

testimony of the arresting officer in the case at bar is indistinguishable from that introduced in *Greco,* appellant is entitled to have his judgment of sentence reversed and a new trial granted.[9]

The Commonwealth makes one last attempt to sustain the conviction: The Commonwealth contends that the violation of appellant's constitutional right to remain silent is harmless error. *Commonwealth v. Greco,* supra, provides a short, but definite answer. "The witness's testimony that the appellant 'didn't actually make any statements other than general conversation' necessarily carries the implication that the appellant remained silent and failed to deny his involvement. Such testimony implies an admission of guilt. *An admission of guilt constitutes highly prejudicial evidence and cannot be considered harmless error.*" 465 Pa. at 404, 350 A.2d at 828. (Emphasis supplied). The testimony elicited from the arresting officer also carried an implicit and damning admission of guilt: appellant did not deny his involvement nor did he come forward with a plausible explanation as to his activities on August 8, 1974. This testimony was particularly damaging to a defense predicated on the thesis that the prosecution could not meet its burden of proving

been inadvertent or unintended does not lessen the prejudice caused by the introduction of the testimony."

**9.** A very recent United States Supreme Court case on a closely related issue supports the rule and approach of *Commonwealth v. Greco,* supra. In *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (Filed June 17, 1976), the Court held that, "it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial." 426 U.S. at 618, 96 S.Ct. at 2245, 19 Crim.L.Rep. at 3128. Quoting a concurring opinion of Mr. Justice WHITE in *United States v. Hale,* 422 U.S. 171, 182–183, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975), the Majority states, ". . . [i]t does not comport with due process to permit the prosecution during the trial to call attention to his silence at the time of arrest and to insist that because he did not speak about the facts of the case at that time, as he was told he need not do, an unfavorable inference might be drawn as to the truth of his trial testimony." *Doyle v. Ohio,* supra, 426 U.S. at 619, 96 S.Ct. at 2245. *Doyle's* rationale clearly applies to a situation in which the testimony is offered as part of the prosecution's case-in-chief, and it undermines appellant's line of defense.

guilt beyond a reasonable doubt. The testimony also dampened any inclination appellant may have had to present an alibi defense. Therefore, this constitutional error cannot be deemed harmless. We reverse the judgment of sentence and grant a new trial.

PRICE, J., files a concurring opinion in which WATKINS, President Judge, joins.

VAN der VOORT, J., dissents.

PRICE, Judge, concurring:

I do not agree that the Commonwealth infringed appellant's fifth amendment right to remain silent. *Cf. Commonwealth v. Mitchell,* 246 Pa.Super. 132, 369 A.2d 846 (1977) (Dissenting Opinion by Price, J.) However, I do agree with Judge Hoffman that this case should be reversed and remanded for a new trial because it was an abuse of discretion to deny appellant a continuance.

I would add only the following facts to the details of the record, which, to me, control. After the Commonwealth had presented its case, appellant was granted a recess for the rest of the day to prepare his defense. During the recess, defense counsel attempted to contact doctors who purportedly would substantiate appellant's insanity defense. When court resumed the following day, defense counsel informed the court that one of the doctors dimly remembered appellant's case. However, the doctor would have needed a day to retrieve his records. A second doctor was vacationing, and a third had left her former position without leaving a forwarding address. After communicating the above information to the court, the defense rested without presenting any evidence.

It is well settled that brevity of preparation time, alone, is not grounds for a continuance. *Commonwealth v. Glasco,* 241 Pa.Super. 484, 362 A.2d 420 (1976). However, I have found no Pennsylvania case upholding the denial of a continuance where the denial prevented the defendant from presenting a substantial defense. For example, we noted in

*Commonwealth v. Harding,* 245 Pa.Super. 333, 336, 369 A.2d 429, 431 (1976), that denial of a continuance was not error because " '[t]he defendant was ably and vigorously represented by trial counsel.' " In *Commonwealth v. Robinson,* 468 Pa. 574, 364 A.2d 665 (1976), as in *Commonwealth v. Simpson,* 222 Pa.Super. 296, 294 A.2d 805 (1972), defense counsel actually had been appointed long before the case came to trial, and he was able to present a competent defense.

Where, as in this case, the events which lead to the request for a continuance are not clearly established to be the defendant's fault, and where the denial of a continuance deprives the defendant of a substantial defense, I agree that to deny this continuance was an abuse of discretion. On this ground solely would I reverse the judgment of sentence of the lower court and remand for a new trial.

WATKINS, President Judge, joins in this concurring opinion.