393 A.2d 715

COMMONWEALTH of Pennsylvania

v.

William Douglas THIGPEN, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided Oct. 20, 1978.

Thomas Dana Watson, Assistant Public Defender, and Vedder J. White, Public Defender, Erie, for appellant.

Robert H. Chase, District Attorney, Erie, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appellant William Thigpen was arrested and charged with armed robbery, pursuant to his involvement in an incident that occurred on September 23, 1973. While acting alone, he unlawfully held a gun to the head of an individual and relieved him of his wallet containing $40.00. Initially, appellant secured an attorney, one Richard F. Brabender, Esq., and entered a plea of not guilty on February 13, 1974. During the trial before a judge and jury, appellant changed his plea to guilty on the basis of a plea bargain. However, on March 27, 1974, appellant again changed his mind and withdrew his guilty plea. First counsel thereupon withdrew his appearance. Gerald A. McNelis, Sr., Esq., was then retained by appellant's mother. However, the understanding of the parties was that Mr. McNelis would represent appellant only if he entered a plea of guilty. This was not appellant's desire and consequently Mr. NcNelis withdrew and attorney J. David Ungerman, Esq., entered his appearance on behalf of appellant. Once again appellant changed his mind and on May 13, 1974, he entered a plea of guilty before the court when both attorneys Ungerman and McNelis were present. At that time, appellant stated that he believed he was still being represented by his first counsel, Mr. Brabender. The hearing was adjourned until later that day when all three attorneys were present and Mr. Brabender stated to the court that he had not been retained to represent appellant, but that he had agreed to speak to the court as a friend of the family. Appellant remained with his decision to plead guilty and the court accepted that plea following the necessary colloquy. On May 14, 1974, appellant was sentenced to a term of not less than four years nor more than eight years in a state correctional institution.

Appellant filed his first Post Conviction Hearing Act[1] petition on February 11, 1975, alleging therein denial of competent counsel, unlawfully induced guilty plea, and obstruction of his right to appeal by state officials. A hearing on that petition was held on April 4, 1976, wherein appellant was represented by new counsel, Roi Jones, Esq. An order denying relief under that petition was signed on May 18, 1976. Subsequently, on August 16, 1976, appellant filed a second petition under the Post Conviction Hearing Act, alleging denial of effective representation by counsel. The basis of his claim was that attorney Jones did not take an appeal from the order denying relief under his first P.C.H.A. petition even though appellant maintains he specifically requested that an appeal be taken. Following a hearing on appellant's second P.C.H.A. petition, on October 5, 1976, wherein he was represented by a fifth attorney, the court below granted appellant the right to appeal nunc pro tunc to our Court the order of May 18, 1976, denying relief under his first P.C.H.A. petition.

On appeal, two issues are presented for our review. Initially, appellant contends that he was denied effective assistance of trial counsel. As related above, several different attorneys represented appellant at one time or another. On one occasion, all three attorneys were present in the courtroom with appellant. He maintains that second counsel was ineffective because he refused to represent appellant except on the condition that he plead guilty. However, it must be remembered that appellant was in the process of being tried before a judge and jury following his initial plea of not guilty when he decided to change his mind and enter into a plea bargain. Second counsel was not able to proceed with a full trial after appellant's decision to return to his plea of not guilty because of health problems and therefore petitioned the court for leave to withdraw, which request was granted. Appellant argues that third counsel was ineffective because he did not assure that the elements of the offense of robbery were fully explained to him during the

1. Act of 1966, Jan. 25, P.L. (1965) 1580, 19 P.S. §§ 1180–1 *et seq.*

colloquy. However, the record indicates otherwise. The definition of robbery[2] as contained in the Pennsylvania Statutes was read to appellant after which he responded that he was knowledgeable of the elements. In the way of further explanation the court defined "theft" for the appellant, being that it was an essential element of the crime of robbery. Again, appellant stated that he fully understood the elements of the crime for which he was charged.

Third counsel, Mr. Ungerman, testified that he made preparations for taking the case to trial since he was unable to negotiate a plea bargain with the district attorney's office. He had been instructed to do so by appellant who was aware at this point that the original plea bargain was no longer available to him. In fact, at the time appellant entered his plea of guilty, there was no plea bargain.

 Appellant also contends that trial counsel was ineffective because he failed to file pre-trial motions. Specifically, appellant mentions that there was an on-the-scene confrontation-identification and no suppression motion was filed by counsel. However, appellant does not relate the facts surrounding the identification, nor does he even allege that it was improper. He merely states that there was such a confrontation and assumes that automatically warrants the filing of a suppression motion. Based upon the contention and allegations of appellant a suppression motion would have been a baseless thing. The law is clear that attorneys are not required to file baseless motions and cannot be found to be ineffective for not doing so. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

 In addition to claiming that trial counsel was ineffective, appellant argues that his guilty plea was unlawfully induced. In support of this issue, appellant states that third trial counsel informed him that he would receive the maximum sentence of ten to twenty years if he stood trial. However, this was specifically denied by trial counsel who, as stated above, was prepared to go to trial all along. The

2. Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. § 3701.

hearing court determined that counsel was the more credible of the two parties, which determination will not be disturbed on appeal absent a clear abuse of discretion. *Commonwealth v. Hickson*, 235 Pa.Super. 496, 335 A.2d 617 (1975), *Commonwealth v. Tillery*, 457 Pa. 466, 326 A.2d 329 (1974). Appellant also contends that he was not afforded sufficient time in which to consider his entry of a guilty plea. When he made that statement to the court, the court immediately interrupted the proceedings and inquired of appellant whether or not it was his desire to plead guilty and whether or not he fully understood what the alternatives were:

Q. Well, now, Mr. Thigpen, you have two alternatives here today. You are not required to plead guilty to anything. You are free to proceed on into trial and have your case disposed of in that way. This Court would not accept your plea if you tell me you have not had sufficient time to make an intelligent decision here today.

A. I plead guilty.

Q. No, what I want to know is whether or not you have had sufficient time to make an intelligent decision as to whether or not to plead guilty.

A. Yes, sir.

Q. Your statement of a few minutes ago in that regard was incorrect?

A. Yes.

The record clearly indicates that the court was not going to accept appellant's plea if there was any doubt concerning his awareness of what his plea meant. When this was made clear to appellant he still was of the mind that he wanted to plead guilty. We therefore find that appellant's plea of guilty was voluntarily and understandingly entered.

Judgment of sentence affirmed.

CERCONE, J., concurs in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.