399 A.2d 1064

**COMMONWEALTH of Pennsylvania**

v.

**John ZIMMERMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided March 16, 1979.

Lawrence S. Rosenwald, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-
CONE, PRICE, VAN der VOORT, SPAETH and HESTER,
JJ.

CERCONE, President Judge:

This is an appeal from a non-jury verdict in the Court of
Common Pleas of Philadelphia County finding appellant
guilty of simple assault, robbery, and indecent assault. The
lower court judge sentenced appellant to two to five years'
imprisonment on the robbery charge and suspended sentence
on the other charges. We affirm the decision of the lower
court.

The incident in question occurred in the early morning
hours of May 16, 1976. The Commonwealth's only witness,
Hattie Murray, testified that she was returning from the
airport when she stopped to eat breakfast at an all-night
diner. Her car would not start when she left the diner and
appellant, John Zimmerman, offered to help her. When he
could not get the car started, appellant offered her a ride
home. Although her home was only three blocks away and
it was daylight, Mrs. Murray accepted. She testified that
she wrote down appellant's license number before entering
the car. Her further testimony was that appellant drove
past her street and would not let her out of the car. He
allegedly made indecent advances toward her and told her
he wanted all her money. Mrs. Murray placed $82.00 on the
front seat of the car, jumped out at a stop sign, and ran to
her daughter's home. The police records reflect that she did
not file her complaint with the police until almost three
hours later.

Appellant testified that he offered Mrs. Murray a ride
home after he was unable to start her car. According to
appellant's version, it was Mrs. Murray who made the ad-
vances toward him and offered him money for his favors.
She told him to drive past a friend's house where they sat
and talked for ten to twenty minutes. Mrs. Murray then
left the car.

Based on this evidence the trial judge decided to believe Mrs. Murray, stating that "[b]oth from the demeanor of this witness and the substantive content of her testimony, her evidence was credible." (Opinion of the lower court, p. 2). The judge found appellant's testimony "unworthy of belief." *Id.*

Appellant raises two issues for our review. First, whether the verdict was contrary to the weight of the evidence; and second, whether he was denied effective assistance of counsel when his trial counsel failed to object to questions concerning appellant's silence at the time of his arrest.

## I.

In addressing the first issue, the test of the sufficiency of the weight of the evidence is whether, accepting as true all the Commonwealth's evidence and all reasonable inferences therefrom, the evidence is sufficient to prove beyond a reasonable doubt that defendant was guilty of the crimes charged. *Commonwealth v. Hamm,* 474 Pa. 487, 378 A.2d 1219 (1977). Appellant argues that Hattie Murray's testimony was so fraught with inconsistencies and so inherently unbelievable that the lower court judge erred in finding her testimony more credible than appellant's. Although there were inconsistencies in Mrs. Murray's testimony, the trial judge, sitting without a jury, was the arbiter of the credibility of the witnesses. *Commonwealth v. Tillery,* 457 Pa. 466, 326 A.2d 329 (1974). It is also the function of the fact finder to determine the weight that is to be given to the evidence. *Commonwealth v. Rambo,* 250 Pa.Super. 314, 378 A.2d 953 (1977). On appellate review, it is not our function to weigh the evidence and substitute our judgment but to determine whether the verdict is supported by the evidence or if the lower court committed an error of law or abused its discretion by refusing to grant a new trial. *Commonwealth v. Warlow,* 237 Pa.Super. 120, 346 A.2d 826 (1975). It is only in these latter instances that we will overturn a conviction for insufficient evidence. *Commonwealth v. Dolny,* 235 Pa.Super. 241, 342 A.2d 399 (1975). Based on this limited

standard of review and the record before us, we conclude that if the trial judge believed Mrs. Murray's version of the events that occurred on May 16, 1976, which he did, there was sufficient evidence to convict appellant. His decision was supported by the record and hence we affirm the judgment of sentence of the lower court.

## II.

In the second issue, appellant alleges he was denied effective assistance of counsel when his trial attorney failed to object to the following line of questioning during the prosecution's cross examination of appellant:

"Q. Did you speak with the detective in regard to this matter?

A. No, I didn't.
(N.T. 59)

Q. Did you speak with a detective then?

A. Yes.

Q. When you spoke with the detective, did he ask you some questions?

A. Yes, he did.

Q. And you gave him some answers, didn't you?

A. No.

Q. You didn't say anything to the detective?

A. I asked what he got me for, and he said, 'For rape.' I said, 'Man, I ain't rape nobody. I don't know what you talking about,' just like that. And he said, 'You supposed to rape some lady.' I said, 'Not me.' He said, 'Yes, you did.' Then he started giving me a whole lot of questions and grabbing me and pushing me. (N.T. 60).

Q. Did you tell the detective you were at the Holly Diner eating dinner that day?

A. No, I didn't tell the detective nothing.

Q. 'I had breakfast.' Did you say anything like that? 'I had breakfast at the New Holly Diner about 4:00 a. m., but I deny anything about a rape or robbery.'

A. About what?

Q. Did you say anything like that to him?

A. No, I didn't.

(N.T. 61)

Appellant contends that this evidence would have been excluded if a proper objection had been made since it referred to appellant's right to remain silent and avoid self incrimination under the Fifth Amendment to the United States Constitution.

Before we determine whether trial counsel was ineffective, we must decide if it would have been reversible error for the judge to have admitted the testimony or refused a mistrial if the objection had been made. *Commonwealth v. Boyer*, 237 Pa.Super. 341, 352 A.2d 431 (1975) (Hoffman, J. concurring and dissenting). The general rule is that "[t]estimonial reference to an accused's silence . . . at [the] time of his arrest is a constitutionally impermissible violation of the accused's Fifth Amendment right." *Commonwealth v. Haideman*, 449 Pa. 367, 370, 296 A.2d 765, 766 (1972). Failure of defense counsel to object to such a reference during trial or the refusal of the trial judge to give a curative instruction to the jury has been held to be reversible error that warrants the granting of a new trial.[1] *Commonwealth v. Maloney*, 469 Pa. 342, 349, 365 A.2d 1237 (1976); *Commonwealth v. Mitchell*, 246 Pa.Super. 132, 369 A.2d 846 (1977). However, even if error was committed, the appellate court must examine counsel's basis for not objecting because failure to object does not necessarily constitute ineffectiveness. If counsel considered it part of his trial strategy not to object, for example so as not to draw attention to the silence, he may be held to have been effective. *Commonwealth v. Humphrey*, 473 Pa. 533, 375

---

1. *Commonwealth v. Greco*, 465 Pa. 400, 404, 350 A.2d 826, 828 (1976) and *Commonwealth v. Flynn*, 248 Pa.Super. 62, 374 A.2d 1317 (1977) state that "[S]uch testimony implies an admission of guilt. An admission of guilt constitutes highly prejudicial evidence and cannot be considered harmless error." However, later cases allow a harmless error analysis. *Commonwealth v. Humphrey*, 473 Pa. 533, 375 A.2d 717 (1977); *Commonwealth v. Mitchell*, 246 Pa.Super. 132, 369 A.2d 846 (1977).

A.2d 717 (1977); Cf. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

■ In applying these principles to the case before us, we conclude that the statements made by appellant that were brought out on cross examination did not amount to an assertion of his right to remain silent. Appellant volunteered information to the detective by denying an accusation of rape, and then appellant testified he did not say more to the detective. We do not feel this was an assertion of his Fifth Amendment rights. See *Commonwealth v. Mitchell*, 246 Pa.Super. at 136, 369 A.2d 846. Case law that finds a defendant asserted his right to remain silent is distinguishable. *Id.; Commonwealth v. Dulaney*, 449 Pa. 45, 48, 295 A.2d 328 (1972); *Commonwealth v. Greco*, 465 Pa. 400, 350 A.2d 826 (1976). Those cases specifically bring out the fact that the defendant was read his *Miranda* rights and then asserted that he had no more to say, or merely engaged in general conversation. In the case before us, we are never informed whether the *Miranda* rights were read to appellant prior to the questioning by the detective. The testimony elicited on cross examination was merely responsive and not a refusal to speak after being informed of his right to remain silent as was the situation in the cases cited above. Since we conclude there was no assertion of appellant's right to remain silent, no objection was necessary and the evidence was rightfully admitted. Hence, trial counsel was not ineffective in failing to object.

Judgment of sentence affirmed.

PRICE, J., concurs in the result.

SPAETH, J., files a concurring opinion.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

I read footnote 1 of the majority opinion and the text to which it is appended as saying that in certain cases where

the Commonwealth presents evidence that the accused asserted his right to remain silent during a custodial interrogation, the error may be rendered harmless by an adequate cautionary instruction to the jury. *See Commonwealth v. Mitchell,* 246 Pa.Super. 132, 369 A.2d 846 (1977). I do not interpret the majority's opinion as saying that evidence that an accused has expressly admitted guilt can ever be harmless error where the evidence has been improperly entered. Also, I do not interpret the majority as saying that ineffective assistance of counsel can ever be considered harmless error. *See Commonwealth v. Badger,* 482 Pa. 240, 393 A.2d 642 (1978). On these understandings, I join the majority.