430 A.2d 308

**In the Interest of Robert Patrick McDONOUGH, Infant.**

**Appeal of Robert Patrick McDONOUGH.**

Superior Court of Pennsylvania.

Argued June 13, 1980.

Filed May 22, 1981.

328

Charles B. Coleman, Assistant Public Defender, Reading, for appellant.

J. Michael Morrissey, District Attorney, Reading, for Commonwealth, participating party.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Appellant was arrested and charged with rape and criminal conspiracy. At the time of the alleged criminal incident appellant was seventeen years of age.[1] Proceedings were held in juvenile court. The court found that appellant had committed the criminal acts alleged and found him to be delinquent. Appellant appealed to this court at No. 98 October Term, 1979, from the adjudication of delinquency.

1. The criminal acts were alleged to have occurred on August 16, 1978; appellant's date of birth is March 27, 1961.

Subsequently the lower court held a dispositional hearing after which appellant was placed in Forestry Camp No. 2. Appellant appealed this disposition at No. 295 October Term, 1979.

Appellant makes four challenges to the lower court proceedings; two of which go to the adjudication and two which question the disposition. We will discuss the adjudication first.

Appellant first contends that the evidence was insufficient to support the finding of delinquency. Appellant argues that the Commonwealth's case was dependent upon the testimony of the victim, while other evidence offered both by the Commonwealth and the defense contradicted the victim. In particular appellant claims that the court should have found that the victim consented to the acts.[2] Appellant also argues that the state failed to show penetration and the existence of a conspiracy.

The testimony of the victim established that she was forcibly raped, first by appellant's adult companion and then by the appellant himself. The lower court placed weight upon the victim's testimony that her jeans had been ripped off of her and thrown into the surrounding brush. Testimony of both a police officer and the appellant established that the victim had difficulty in locating her pants. The court found this to contradict appellant's claim that the victim freely removed her pants in order to entice him. Appellant testified that neither he nor his adult companion had intercourse with the victim nor had exposed themselves to her. The court heard testimony of conflicting results from laboratory examinations of specimens taken from the victim shortly after the reported rape. A doctor employed by the hospital where the victim was examined reported that his laboratory examination showed no indication of recent sexual activity. A laboratory technician employed by the state police testified that one sample (taken at the same time as the hospital samples) contained traces of an enzyme present

2. Appellant's defense was that while the victim was the provocateur, sexual intercourse never occurred.

in semen. The doctor stated that the two sets of results were not necessarily contradictory; the samples possibly may have been taken from different areas of the victim's vagina.

[T]he test of the sufficiency of the weight of the evidence is whether, accepting as true all the Commonwealth's evidence and all reasonable inferences therefrom, the evidence is sufficient to prove beyond a reasonable doubt that defendant was guilty of the crimes charged. *Commonwealth v. Hamm*, 474 Pa. 487, 378 A.2d 1219 (1977). Appellant argues that (the victim's) testimony was so fraught with inconsistencies and so inherently unbelievable that the lower court judge erred in finding her testimony more credible than appellant's. Although there were inconsistencies in (the victim's) testimony, the trial judge, sitting without a jury, was arbiter of the credibility of the witnesses. *Commonwealth v. Tillery*, 457 Pa. 466, 326 A.2d 329 (1974). It is also the function of the fact finder to determine the weight that is to be given to the evidence. *Commonwealth v. Rambo*, 250 Pa.Super. 314, 378 A.2d 953 (1977). On appellate review, it is not our function to weigh the evidence and substitute our judgment but to determine whether the verdict is supported by the evidence or if the lower court committed an error of law or abused its discretion by refusing to grant a new trial. *Commonwealth v. Warlow*, 237 Pa.Super. 120, 346 A.2d 826 (1975). It is only in these latter instances that we will overturn a conviction for insufficient evidence. *Commonwealth v. Dolny*, 235 Pa.Super. 241, 342 A.2d 399 (1975). *Commonwealth v. Zimmerman*, 264 Pa.Super. 307, 399 A.2d 1064 (1979).

The standard of proof in delinquency proceedings is beyond a reasonable doubt. 42 Pa.S.C. § 6341(b). The record in juvenile proceedings should be examined in a light favorable to the appellee, here, the Commonwealth. *In Interest of DelSignore*, 249 Pa.Super. 149, 375 A.2d 803 (1977). Viewing all of the evidence in the light most favorable to the Commonwealth, the judge below could have

reasonably concluded that appellant had penetrated the vagina of the victim without her consent.[3]

*Commonwealth v. Mumma*, 489 Pa. 547, 414 A.2d 1026 (1980) is somewhat similar to the present case. There, the defendant was charged with indecent assault and corrupting the morals of a minor. The Commonwealth's case rested upon the infant victims' testimony plus a file box containing two index cards. The file box confirmed the victims' claim that the indecent assault resulted from a ruse where the victims had to submit to a physical examination in order to join a club. The defendant contradicted the victims. The Supreme Court found the evidence to be sufficient.

Likewise here, the evidence was sufficient. The victim's testimony was supported by the evidence, in particular by her difficulty in locating her jeans.

■ Appellant also claims that the Commonwealth did not prove the existence of a conspiracy to commit rape.

The Commonwealth need not prove an explicit or formal agreement in order to establish the existence of a conspiracy. *Commonwealth v. Minnich*, 236 Pa.Super. 285, 344 A.2d 525 (1975). A conspiracy may be inferentially established by showing the conduct and the overt acts of the conspirators. *Commonwealth v. Eiland*, 450 Pa. 566, 301 A.2d 651 (1973).

*Commonwealth v. Gonzales*, 266 Pa.Super. 468, 470, 405 A.2d 529, 530 (1979). In that case the victim testified that appellant knocked her to the ground and his adult companion proceeded to rape her while appellant looked on. After his companion completed his act, appellant then forced himself upon her. Reviewing the circumstances of this case, the lower court could properly infer the existence of an agreement to commit rape.

■ Appellant's second contention is that the finding that he was a co-conspirator must be set aside because his adult co-conspirator was later acquitted of the conspiracy charge.

---

**3.** The victim did not know whether either appellant or his adult companion had ejaculated.

Our Supreme Court was directly faced with such issue in *Commonwealth v. Byrd*, 490 Pa. 544, 417 A.2d 173 (1980). There the court held the subsequent acquittal of an alleged co-conspirator in a separate proceeding did not invalidate a prior conviction for conspiracy of the other conspirator. A similar result is required here.

Appellant's third allegation is that the lower court lacked jurisdiction to conduct a dispositional hearing. Appellant argues that his first appeal, filed after the adjudication, but before the disposition, divested the lower court of jurisdiction to proceed further. He relies on Rule 1701(a), Pa.R.A.P. which states that an appeal bars further proceedings by the court below. The Commonwealth argues that a delinquency proceeding is similar to a criminal proceeding; a defendant must wait until after he is sentenced to appeal the conviction; accordingly, an adjudged delinquent must await the disposition before he may appeal. The Commonwealth argues further that to allow an appeal from the adjudication would interfere with the purpose and functioning of the Juvenile Act.

▮▮▮ First we must comment upon the lower court's assumption that the first appeal was a nullity since it was premature. A Court of Common Pleas cannot determine whether an appeal has been properly brought before the Superior Court; that is a question this Court or our Supreme Court must decide. However, the Commonwealth could have filed a motion in this Court to quash the appeal pursuant to Rules 123 and 1972, Pa.R.A.P. This would have been the proper procedure. Nonetheless, the lower court did proceed with the dispositional hearing and we must determine whether such proceeding is a nullity as a result of the first appeal.

▮▮▮ The Juvenile Act, 42 Pa.C.S. § 6301 *et seq.*, requires a court, after conducting a delinquency hearing, to file findings as to whether the child is delinquent. The court may continue the dispositional hearing so as to receive reports and other evidence bearing on the disposition. 42 Pa.C.S.

§ 6341. A juvenile proceeding in this respect is similar to a criminal case where a presentence report is compiled between the time of the return of the verdict and the imposition of sentence.

 The Juvenile Act does not provide for a right of appeal. The question of whether criminal or civil procedure should apply to delinquency proceedings has frequently been before the courts. The Act itself, in Section 6338 has explicitly made certain rights enjoyed by criminal defendants applicable to infants in delinquency hearings. This court has on several occasions said that while delinquency proceedings are not quite criminal in nature, criminal theories may be applicable. In the case of *In Interest of DelSignore, supra.*, 249 Pa.Super. at 154, 375 A.2d 803, this court found "the purposes of the waiver doctrine argue for its application" to juvenile actions. Similarly in *Appeal of Cowell*, 243 Pa.Super. 177, 364 A.2d 718 (1976), this court applied the *Ker-Frisbie* rule [4] to juvenile delinquency proceedings. In *Cowell*, this court held "it is clear that the interest of the state in protecting its citizens against criminal acts committed by juveniles is not a 'mere private claim.' This interest and the Commonwealth's interest in the welfare of the juvenile must be balanced against the desirability of deterring the shortcutting of legal process by law enforcement officials." 243 Pa.Super. at 183, 364 A.2d 718.

 We believe that in the present situation, the analogy to criminal proceedings is appropriate. The Commonwealth's role under the Juvenile Act is twofold: to protect the public interest, and to supervise and rehabilitate youthful offenders. 42 Pa.C.S. § 6301(b)(2). To allow an appeal from the adjudication of delinquency would severely interfere with the purposes of the Juvenile Act. A court would be faced with two alternatives. To avoid losing jurisdiction,

4. The rule holds that the manner in which a person is brought into a state, once he has been given notice of the charges against him by indictment or information, does not affect the right of the state to try him for crimes committed within its borders. *Frisbe v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Ker v. Illinois*, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886).

a court could enter a dispositional order immediately following the adjudication without the benefit of dispositional reports. Alternately, the courts could delay dispositions, risking the possibility of losing authority to proceed further. When an appeal is filed, the then current status of the child is frequently continued; i. e., if he was being detained, he remains detained; if he was at liberty, and/or under supervision he remains so. In this situation both the child's and the Commonwealth's interest may be detrimentally affected.

Generally, a criminal defendant may appeal only from a judgment of sentence. E. g., *Commonwealth v. Sites*, 430 Pa. 115, 242 A.2d 220 (1968). This rule prevents undue delay and avoids the disruption of criminal cases by piecemeal appellate review. See generally *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *In re Grand Jury Proceedings*, 525 F.2d 151 (3d Cir. 1975). However, this Court has recognized that the final judgment rule is neither absolute nor inflexible. An appeal before judgment of sentence will be permitted when the need for immediate review outweighs the purposes of the final judgment rule.

*Commonwealth v. Bolden*, 472 Pa. 602, 610, 373 A.2d 90, 94 (1977). See also, *Commonwealth v. DeFelice*, 248 Pa.Super. 516, 375 A.2d 360 (1977).

█ This present case illustrates the inappropriateness of an appeal from the adjudication as appellant remained with his family though under the supervision of the juvenile probation office. Appellant has failed to demonstrate any need for appellate review which outweighs the purposes of the final judgment rule. While the lower court improperly ignored the first appeal, appellant was not injured since the appeal was premature. We hold that in the circumstances the dispositional hearing is valid.

█ Appellant's final contention consists of a three-prong attack upon the court's placement of the appellant in Forestry Camp No. 2. Since appellant was released from the camp on May 23, 1979, this issue is moot. See *In Interest of*

*DelSignore,* 249 Pa.Super. 149, 375 A.2d 803 (1977). Since appellant does not challenge the probationary disposition, the continued supervision by the juvenile probation office is not at issue here.

The appeal from the Adjudication of Delinquency at No. 98 October Term, 1979, is quashed.

The Disposition of Adjudicated Delinquent at No. 295 October Term, 1979, is affirmed.