436 A.2d 1216

**CONTINENTAL BANK & TRUST COMPANY,**

v.

**A. B. KYLE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed Nov. 6, 1981.

Petition for Allowance of Appeal Denied Jan. 29, 1982.

A. B. Kyle, appellant, in pro. per.

Eric Tobin, Doylestown, for appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This is an appeal from an order denying appellant's preliminary objections challenging the lower court's jurisdiction. Appellant has taken this appeal pursuant to the Act of March 5, 1925, P.L. 23, s. 1, 12 P.S. 672; 42 Pa.C.S.A. 702(a), 742; and Pa.R.A.P. 311(a)(7).[1]

1. "While the order appealed from is interlocutory, it is appealable because it raises a question concerning jurisdiction of the cause of action under the Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672, before repeal of that statute on June 27, 1980. *Turner v. May Corporation,* supra, note 1, 285 Pa.Super. at 241 & n. 3, 427 A.2d [203] at 205 & n. 3. By reason of its holding that the part of the Act of 1925 dealing with jurisdiction of the cause of action was applicable on January 28, 1980, Turner necessarily rejected the argument, which has been raised a number of times in this court in the past two years in motions to quash, that the entire Act of 1925 was supplanted by new Rule of Appellate Procedure 311, effective April 22, 1979. 8 Pa.Bull. 3636, 3637 (1978). Instead, Turner concluded that subparagraph (a)(7) operated to leave the Act intact with respect to questions concerning jurisdiction of the cause of

■ Appellant's brief suggests three areas where the lower court's jurisdiction was lacking. We need only review two of the three. Appellant's third claim alleges that jurisdiction was lacking because "the complaint shows no obligation to be due." Such a claim contained in a preliminary objection is in the nature of a demurrer and not appealable upon the denial of the preliminary objections. *Urbano v. Meneses*, 288 Pa.Super. 103, 431 A.2d 308 (1981).

Appellant's remaining arguments are:

I.  The Court of Common Pleas was without power to issue process as the complaint was not under its judicial seal; and

II.  A deputy sheriff has no power to serve process not issued by a court.

I.  Appellant contends that the complaint in the current case was issued by an agent of appellee and not by the Prothonotary of the lower court. Appellant would have us hold that unless the Prothonotary affixes the seal of the court to the complaint, the court is without power to issue process.

■ Under Pa.R.C.P., Rule 1007, an action in assumpsit may be commenced by filing with the prothonotary a complaint. Under the Rules of Civil Procedure, the plaintiff's initial pleading, a copy of which is served upon the defendant, serves in the "dual capacity of process and pleading." Goodrich-Amram 2d § 1007:6. Rule 1008 further requires that the copy of the complaint, to be served upon the defendant, be attested by the prothonotary or sheriff *or certified by the plaintiff* to be a true copy. Accordingly, a court need not affix its seal to the copy of the complaint served upon the defendant if the plaintiff's attorney has certified the copy.

II.  As we find process was properly issued, we need only focus on the question of whether a deputy sheriff may serve

action, at least until the Act's June 27, 1980 repeal date." *Gallardy v. Ashcraft*, 287 Pa.Super. 326, 430 A.2d 1201, 1202 at fn. 3 (1981). Thus we apply the Act of 1925 to this appeal filed on January 8, 1980.

the copy of the complaint upon the appellant. We must first note that appellant does not challenge the actual service, but only the deputy sheriff's power to serve.

▮ Rule 1009, Pa.R.C.P. requires service by the sheriff within thirty (30) days of the filing of the complaint. "Whenever the sheriff is or shall be required by law to act in person under or by virtue of any writ or process whatsoever *issued by the courts* of this Commonwealth, he may act either in person or by a regularly appointed deputy sheriff." 16 P.S. § 1202. (Emphasis added). Appellant would have us interpret the emphasized portion of the statute to hold that a deputy sheriff may only serve a writ or complaint to which the Court of Common Pleas has affixed its seal.

We believe that appellant's view is unnecessarily restrictive. A party cannot on its own issue process. But as previously discussed, a party may cause process to issue by filing a complaint and having a copy thereof served by the sheriff. Such a complaint does result in the issuance of process by a court of this Commonwealth, even though the court's seal does not appear on the document.

Order affirmed, case remanded for proceedings consistent with this opinion.