546 A.2d 101
**COMMONWEALTH of Pennsylvania**
v.
**David CLAY, Appellant.**
Superior Court of Pennsylvania.
Submitted June 13, 1988.
Filed Aug. 8, 1988.

426

Mary M. Zell, Philadelphia, for appellant.

Patricia E. Coonahan, Assistant District Attorney, Cheltenham, for Com., appellee.

Before TAMILIA, JOHNSON and CERCONE, JJ.

TAMILIA, Judge:

Appellant David Clay appeals an April 29, 1987 Order which found him in need of treatment, supervision or rehabilitation and, pursuant to the Juvenile Act, 42 Pa.C.S. § 6301 *et seq.*, ordered him to be committed to Cornwells Heights Youth Development Center, Sex Offender Program. This Order followed an April 14, 1987 adjudication of delinquency of appellant; the court stated that after a hearing, it found beyond a reasonable doubt appellant did commit the acts of possession of an instrument of crime and prohibited offensive weapon, aggravated assault, and rape.

The facts are as follows. Around 9:00 p.m. on May 10, 1986, Michelle S. (now Michelle T.), a graduate student at Tyler School of Art, arrived with her fiance Richard T. at the campus to attend an art show while her fiance was to work in the art studio. As they entered the parking area, Michelle had to stop her car because a young man was "pacing back and forth in front of the driveway" (N.T. 3/6/87, p. 20). The driveway was well lit, and as Michelle

was within ten (10) feet of the young man (who she identified as appellant), she could see his face (N.T. at 21). At approximately 11:00 p.m., Michelle returned to her car to get a sweater and was grabbed from behind, thrown to the ground and dragged some distance with a meat cleaver at her neck.

Michelle gave a description of the attacker to police shortly after the attack in which she described the rapist as a black male, 15–17 years old, 135 to 140 pounds, thin build, box type hair cut, wearing a gray "Jeff" cap, dark clothing, white undershirt and sneakers. A composite picture was prepared based on descriptions given by Michelle and Richard T. Michelle was shown a photo array on December 15, 1986 by Detective Jacob Gearhardt of the Cheltenham Police from which she selected appellant's photo from the second folder and identified him as her attacker. She became very upset when she saw the photo of appellant and asked if she could see another photo of him so she could be absolutely sure. On December 19, 1986, Michelle looked at another array and again selected appellant (N.T. at 49–52). Appellant was taken into custody on December 19, 1986, pursuant to an affidavit of probable cause for his arrest. Both Michelle and her husband Richard T., at different times, observed a line-up on February 2, 1987 and both selected appellant (N.T. at 53; N.T. 4/1/87, pp. 29–31). Appellant, whose grandparents' residence abuts one corner of the Tyler campus, was 16 years of age at the time of the rape. He was, therefore, tried as a juvenile offender, after the Commonwealth's petition to transfer the case to adult court was withdrawn. After several hearings, he was adjudicated a delinquent on April 14, 1987, and the April 29, 1987 Order in question was issued. Notice of appeal was filed on May 28, 1987.

On appeal appellant first contends a "serious miscarriage of justice may have occurred" in this case. He argues his motion for new trial should have been granted because the verdict is contrary to the weight of the evidence in that: 1) the single distinctive characteristic of the rapist, his box-

type hair cut, is one which appellant David Clay does not wear; 2) the composite drawing carefully chosen by the victim in no way resembles David; 3) results of an FBI analysis, requested by the Commonwealth, of David's hair and that from the rapist's cap, demonstrates they are not the same; 4) evidence of David's good character and reputation could not be refuted by the Commonwealth.

■ Preliminarily, we must clarify the procedure by and through which this appeal was taken as it is incorrect. The Juvenile Act, 42 Pa.C.S. § 6301 *et seq.*, does not provide for the right of appeal. *In the Interest of McDonough*, 287 Pa.Super. 326, 430 A.2d 308 (1981). Article V, section 9 of the Pennsylvania Constitution provides "there shall be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court." The Juvenile Court is a court of record and pursuant to Pa.R.A.P. 341, appeal may be taken as of right from any final Order of an administrative agency or lower right from any final Order of an administrative agency or lower court. The final Order of a Juvenile Court is the Dispositional Order as to a Delinquent Child, pursuant to 42 Pa.C.S. § 6352; *see McDonough, supra.*

■ While this appeal ultimately lies from the Dispositional Order committing the appellant to Cornwells Heights, the actual appeal was from the denial of a motion for a new trial following post-trial motions. Our review of the proceedings from the record discloses post-trial motions are derivative of the rules of criminal proceedings and that the appellate review requested is based on alleged error in failing to make proper rulings in appellant's favor on those motions. We observe at the outset that the Juvenile Act, unlike its predecessors, does not provide for post-trial motions or relief, and the procedures for post-trial review contained in the Pennsylvania Rules of Civil Procedure do not apply to juvenile proceedings unless specifically provided otherwise. Pennsylvania Rule of Criminal Procedure 1(a) provides:

These rules shall govern criminal proceedings in all courts including courts not of record. Unless otherwise

specifically provided, these rules shall not apply to juvenile or domestic relations proceedings.

In the note to Rule 1, it is stated:

These rules apply to proceedings involving juveniles only to the extent that the Juvenile Act does not vest jurisdiction in the Juvenile Court. See, e.g., Juvenile Act §§ 6302–6303, 6355, 42 Pa.C.S. §§ 6302–6303, 6355 (1982); Vehicle Code 75 Pa.C.S. § 6303 (1977).

Nor may post-trial proceedings be introduced by reason of local rules as the authority to impose local rules must flow from the Juvenile Act, which does not grant such authority, or pursuant to Rule 1(b) of the Rules of Criminal Procedure, which is not applicable. Pennsylvania Rule of Criminal Procedure 6 provides:

b) Local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly.

As stated above, Rule 1 provides the Rules of Criminal Procedure do not apply to juvenile proceedings so that a local rule could not impose those rules on such proceedings. Additionally, the Juvenile Act is sui generis and was meant by the legislature to be twofold in purpose: to protect the public interests and rehabilitate youthful offenders. *McDonough, supra.* Because of the difference in function between the Juvenile Act and the Crimes Code, the proceedings of the two are not interchangeable. *In Interest of Leonardo,* 291 Pa.Super. 644, 436 A.2d 685 (1981).

Turning to our review of this case, for the purpose of judicial economy, we will treat the matter as a direct appeal, timely made from the Dispositional Order. From the record we recount the following facts.

Michelle testified she observed the attacker's face during the ordeal and had studied the face very carefully (N.T. 3/6/87, pp. 29–31). She identified appellant as the person who had been pacing in the driveway of the parking lot and as her attacker (N.T. at 32). Thomas also testified appellant had been in the driveway at Tyler and he had had an excellent opportunity to observe him (N.T. at 8–11).

■ In a criminal proceeding, from which appeal was taken from judgment of sentence after denial of post-trial motions, our standard of review was set out in *Commonwealth v. Whiteman*, 336 Pa.Super. 120, 485 A.2d 459 (1984), where we said:

A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence. Whether a new trial should be granted on grounds that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial judge, and his decision will not be reversed on appeal unless there has been an abuse of discretion.... The test is not whether the court would have decided the case in the same way but whether the verdict is so contrary to the evidence as to make the award of a new trial imperative so that right may be given another opportunity to prevail.

*Id.*, 336 Pa.Superior Ct. at 125, 485 A.2d at 462 (quoting *Commonwealth v. Taylor*, 324 Pa.Super. 420, 423–426, 471 A.2d 1228, 1229–30 (1984)). In a review of an Order of disposition of a delinquent child, we must review all of the evidence in the light most favorable to appellee, Commonwealth, and determine if the trial judge could have reasonably concluded appellant was properly identified as the rapist. *McDonough, supra; In Interest of DelSignore*, 249 Pa.Super. 149, 375 A.2d 803 (1977). After a thorough review of the evidence, record, briefs and trial Opinion in this case, we affirm.

■ Two eyewitnesses made a positive, unqualified identification of appellant as the rapist. In *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A.2d 820 (1954), the Supreme Court stated:

Where the opportunity for positive identification is good and the witness is positive in his identification and his identification is not weakened by prior failure to identify, but remains, even after cross-examination, posi-

tive and unqualified, the testimony as to identification need not be received with caution—indeed the cases say that "his [positive] testimony as to identity may be treated as the statement of a fact." *Commonwealth v. Ricci,* 161 Pa.Super. 193, 195, 54 A.2d 51, 52, *Commonwealth v. Sharpe,* 138 Pa.Super. 156, 159, 10 A.2d 120. For example, a positive, unqualified identification of defendant by one witness is sufficient for conviction even though half a dozen witnesses testify to an alibi.

*Id.,* 378 Pa. at 422–423, 106 A.2d at 826. Thus the trial judge, exercising his discretion, did not believe the points raised by appellant outweighed the positive identification made by the victim and her husband. We do not find the evidence to be contrary to the adjudication; in fact, it supports the adjudication. Thus we do not find an abuse of discretion.

■ Appellant next urges the assistant district attorney failed to provide defense counsel with the victim's statement prior to the adjudicatory hearing, and he was, therefore, denied his right to a fair trial. He argues Pennsylvania Rule of Criminal Procedure 305 B(2) mandates the Commonwealth to disclose all statements in its possession given by persons who testify as Commonwealth witnesses. This contention is not accurate since Rule 305 B(2) is discretionary, and not mandatory, and also because Rule 1 of the Criminal Rules of Procedure states those rules shall not apply to juvenile proceedings. Moreover, as noted by the Commonwealth, the failure of appellant to object at the hearing to the statement has foreclosed judicial relief at the appellate level. (*See* N.T., 4/1/87, p. 84.)

■ Appellant's final argument is that the trial judge erred in refusing to permit defense counsel an opportunity to cross-examine the victim about a complaint she had brought against Tyler School of Art for her personal injuries resulting from the rape. He argues the complaint alleged the lighting conditions were poor on the night of the rape, and that this would be relevant to the general issue of identification and Michelle's credibility. The Commonwealth points out that as above, defense counsel did not

place an objection on the record, thus resulting in waiver of the issue. (*See* N.T., 3/6/87, at p. 60–63). Additionally, appellant has failed to list this issue among the items in his statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), which he had been directed to file by virtue of a May 29, 1987 Order. Rule 1925(b) provides:

**b) Direction to file statement of matters complained of.** If the lower court is uncertain as to the basis for the appeal, the lower court may by order direct the appellant forthwith to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Since the trial court has not had an opportunity to address this matter, we decline review of the issue on appeal and hold it has been waived.

Finding no abuse of discretion occurred as to appellant's first argument, and as he has waived his remaining arguments, we accordingly affirm the adjudication of delinquency.

Adjudication affirmed.

JOHNSON, J., concurs in the result.