J-A24025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALEXANDER TOWNSEND, | |
| Appellant | No. 2765 EDA 2013 |

Appeal from the Judgment of Sentence September 20, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001612-2007

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED OCTOBER 01, 2014**

Appellant, Alexander Townsend, appeals from the judgment of sentence of an aggregate term of 6-12 years' incarceration and 5 years' probation, imposed following his conviction for robbery and related offenses. Appellant contends that the evidence was insufficient to establish his identity as the perpetrator. After careful review, we affirm.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's attorney, John P. Cotter, Esq., initially requested oral argument in this case. However, immediately prior to the date set for oral argument, Attorney Cotter submitted this case for our consideration without oral argument. Such action does not typically concern us; indeed, when the controversy that gives rise to appellate review is adequately addressed in the parties' briefs, and our review is unlikely to benefit from oral argument, submission without oral argument is permitted, if not encouraged.

*(Footnote Continued Next Page)*

The trial court summarized the facts adduced at trial as follows:

On November 29, 2006, the victim, Mr. Walid Vargas, was unloading his pickup truck just outside his house at 9326 Marsden Street in Philadelphia. At approximately 9:32 [p.m.], [Appellant] and his co-conspirator approached the victim brandishing guns. The co-conspirator held a gun to the victim's neck, while [Appellant] searched the victim's pockets and grabbed his wallet, keys and cell phone. After stealing these items, the co-conspirators ordered the victim to l[ie] on the floor of his garage; the co-conspirators fled down the driveway and onto Marsden Street. The victim called 911 to report the robbery, and the police responded to the area within minutes.

The victim saw [Appellant's] face clearly. The area was well lit, as there were lights on the fence outside the victim's house, and a motion sensor light on the house itself, all of which were illuminated. Moreover, [Appellant] was wearing a distinctive camouflage hoodie. The police apprehended [Appellant] within minutes of the incident, near a well-lit basketball court a few blocks from the victim's house. Once the police apprehended [Appellant], they brought the victim to the basketball court to ascertain whether he could identify [Appellant] as one of the individuals who had committed the

_(Footnote Continued)_ ───────────────────

However, Attorney Cotter requested oral argument in two other cases set to be heard by this panel on the same day. And, as he did in the instant case, Attorney Cotter submitted those cases for our consideration without oral argument immediately prior to the date set for oral argument. Indeed, it appears to be Attorney Cotter's usual practice to request, but never to attend oral argument.

Rule 3.2 of Pennsylvania's Rules of Professional Conduct states that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." Requesting oral argument, without any intention to actually attend oral argument, does not comport with the text or the spirit of Rule 3.2, as oral argument panels do not occur with the same frequency as panels composed of cases where oral argument is not requested. Additionally, insincere requests for oral argument may serve to delay appellate review of other cases where there is a genuine desire by those appellants to assist this Court's disposition through oral advocacy.

robbery. By recognizing his face and the camouflage jacket, the victim positively identified [Appellant] as one of the individuals who committed the robbery.

Trial Court Opinion (TCO), 12/26/13, at 3 (internal citations omitted).

On January 28, 2008, following a bench trial, the trial court found Appellant guilty of robbery, conspiracy to commit robbery, theft, receiving stolen property, firearms not to be carried without a license, carrying firearms in public in Philadelphia, possessing an instrument of crime, simple assault, recklessly endangering another person, and possession of a firearm by a person prohibited. On May 5, 2008, the trial court sentenced Appellant to concurrent terms 6-12 years' incarceration for robbery and conspiracy, and a consecutive term of 5 years' probation for theft.

No appeal from the May 5, 2008 sentence was taken. However, Appellant filed a *pro se* PCRA[2] petition on January 20, 2009.

> Present counsel, Mr. John Cotter, Esquire[,] was appointed on January 21, 2011. As Judge Kane [had] retired, the Honorable Denis P. Cohen, Judge of the Court of Common Pleas, was assigned on January 30, 2012. Counsel filed an amended PCRA petition on January 4, 2013, alleging that the original sentence was illegal. In response to the PCRA petition, the Commonwealth agreed to a resentencing to redress the sentencing error by the trial court. On September 20, 2013, [the trial court] by agreement vacated the sentence and imposed a new sentence of six (6) to twelve (12) years['] incarceration for [r]obbery, followed by five (5) years['] probation for [c]onspiracy. The [r]obbery and [t]heft charges merged for sentencing. The [trial court] also restored [Appellant's] appellate rights.

---

[2] Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*.

TCO, at 2.

Appellant filed a timely notice of appeal from the new sentence on September 27, 2013. The trial court issued an order on October 1, 2013, directing Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant complied and filed a timely Rule 1925(b) statement on October 15, 2013. The trial court issued its Rule 1925(a) opinion on December 26, 2013.

Appellant now presents the following questions for our review:

1.

incident about 3 blocks from the incident alone and did not have either a gun or stolen property on his person." ***Id.***

Our standard of review of sufficiency claims is well-settled:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).

Appellant's claims regarding his identity as the perpetrator of the robbery in this case go to the weight of the evidence, not to its sufficiency. Here, Appellant was identified immediately after the robbery by the complainant (victim), and again during Appellant's trial. The fact that no corroborating physical evidence exists does present an apparent conflict in the evidence. However, it does not entitle Appellant to relief because "[a] mere conflict … does not render the evidence insufficient[.]" ***Commonwealth v. Halye***, 719 A.2d 763, 764 (Pa. Super. 1998). "[I]t is within the province of the fact finder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence." ***Id.***

Appellant's claim does not present a situation "[w]here the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and[/or] the laws of nature[.]" **Widmer**, 744 A.2d at 751. The lack of corroborating evidence does not even contradict the complainant's identification of Appellant – it merely conflicts with it. And, as this Court has noted before, "an absence of evidence is not evidence of absence." **Commonwealth v. Heilman**, 867 A.2d 542, 547 (Pa. Super. 2005). Appellant has not cited any authority holding that because he did not have any incriminating evidence on his person when arrested, such as the weapon used or the property stolen, the court was precluded from finding the victim's identification testimony credible. Moreover, as this Court stated in **Commonwealth v. Clay**, 546 A.2d 101 (Pa. Super. 1988), "a positive, unqualified identification of [a] defendant by one witness is sufficient for conviction even though half a dozen witnesses testify to an alibi." **Id.** at 104.

We conclude, therefore, that the victim's testimony was sufficient to support Appellant's identity as the perpetrator. **See id.** To the extent that Appellant complains that this identification testimony conflicts with other evidence, or the absence of other evidence, such a claim goes to the weight of the evidence, and not its sufficiency, and Appellant did not raise a challenge to the weight of the evidence in his Rule 1925(b) statement. Accordingly, any challenge to the weight of the evidence has been waived. **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not

raised in a 1925(b) statement will be deemed waived.").

Judgment of sentence **affirmed**.

Judge Platt joins in the memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2014